UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD P. BORDEN,

                                        Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                05-CV-251S
BLUE CROSS AND BLUE SHIELD
OF WESTERN NEW YORK, also
known as, HEALTHNOW N.Y., INC.,
et al.,

                                        Defendants.


## I.  INTRODUCTION

In this case, Plaintiff Richard P. Borden alleges that his health insurance provider,

Defendant Blue Cross and Blue Shield of Western New York, also known as HealthNow,

N.Y., Inc. ("HealthNow"), wrongfully refuses to waive its right of subrogation with respect

to payments it made for his medical care after he was injured in a motorcycle accident.  As

a result, Plaintiff contends that he has been unable to execute a settlement with the parties

responsible for his injuries.  Plaintiff asserts that HealthNow's refusal to waive its right of

subrogation constitutes a violation its contractual and fiduciary duties.  He demands

judgment compelling HealthNow to forego its subrogation claim, or in the alternative, to pay

him the full amount offered to settle his claim.  Currently before this Court is Defendants'

Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  For the following reasons, Defendants' Motion is granted.

## II.  BACKGROUND

### A.      Factual History

In adjudicating Defendants' Motions to Dismiss, this Court assumes the truth of the

following factual allegations contained in Plaintiff's Complaint.  See Hosp. Bldg. Co. v. Trs.

of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also

Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

On September 6, 2004, while driving his motorcycle, Plaintiff collided with a vehicle owned

by Defendant Oliver Kirkendall and operated by Defendant James Joy.  (Compl., ¶ 8).[1]

Having suffered serious physical injuries, Plaintiff was airlifted to Erie County Medical

Center where he remained continuously hospitalized for several months.  (Compl., ¶ 9).

Defendant HealthNow paid more than $55,000.00 in medical expenses incurred as a result

of the accident.  (Compl., ¶ 15).

The employee benefit plan ("Plan") pursuant to which HealthNow rendered Plaintiff's

medical payments contains a Rider that provides:

> In the event that you suffer an injury or illness for which
> another party may be responsible, such as someone injuring
> you in an accident, and we have paid benefits as a result
> of that injury or illness, we will be subrogated and succeed to the
> right of recovery against the party responsible for your illness
> or injury to the extent of the benefits we have paid. This means
> that we have the right independently of you to proceed against
> the party responsible for your injury or illness to recover the
> benefits we have paid.

(Compl., ¶¶ 13 & 15; Balon Dec., Exh. C, p. 53).   By letter dated February 3, 2005,

HealthNow notified Plaintiff that it was not willing to waive its subrogation claim, but rather,

intended to pursue recovery from any and all responsible persons directly.  (Compl., ¶ 16).

Shortly thereafter, by letter dated February 24, 2005, Defendant State Farm Mutual

Automobile Insurance Company ("State Farm"), on behalf of its insureds Kirkendall and

Joy, offered to pay Plaintiff $100,000 -- the entire policy limit -- to settle Plaintiff's claims.

(Compl., ¶¶ 10 & 11).   State Farm provided verification of the limits of coverage and a

release, and demanded documentation of lien satisfaction as a condition of settlement.

---

[1]     The Complaint is attached as Exhibit B to Defendant's Notice of Removal.

(Compl., ¶ 11).  Plaintiff thereafter requested orally and in writing that HealthNow consent to the proposed settlement and waive its subrogation rights, or in the alternative, pay the amount of the proposed settlement to him directly.  (Compl., ¶¶ 17-20).  HealthNow declined to do either.  On or about March 11, 2005, HealthNow provided Plaintiff with a courtesy copy of a Summons and Complaint substantiating that it had commenced a formal adversarial proceeding against Kirkendall and Joy.  (Compl., ¶ 21 & Exh. F).

According to Plaintiff, Defendant Progressive Northwestern Insurance Company ("Progressive"), his secondary medical insurance carrier, paid approximately $5,000.00 in medical expenses incurred as a result of the accident.  (Compl., ¶¶ 25-26).  Progressive also failed or refused to waive its right of subrogation, which is provided for by its policy of insurance.  (Compl., ¶¶ 27, 30).

## B.    Procedural History

Plaintiff commenced this case on March 16, 2005, by filing a Summons and Complaint in New York State Supreme Court, Erie County.  Defendant HealthNow removed this case to the United States District Court for the Western District of New York on April 11, 2005.  On April 14, 2005, HealthNow filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  By Order entered on June 3, 2005, this Court cancelled argument as unnecessary.

---

[2]    In support of its Motion, HealthNow filed a declaration with exhibits, a memorandum of law and a reply memorandum of law.  Plaintiff filed an affidavit containing legal authority in opposition to Defendant's Motion.  Defendants Kirkendall, Joy and Joy-Kirkendall also filed an affidavit in opposition to Defendant's Motion.

## III.  DISCUSSION AND ANALYSIS

### A.      Notice of Removal: Non-Jurisdictional Requirements

A notice of removal in a civil action must be filed in accordance with 28 U.S.C. §
1446(a) & (b).   Consistent with the removal statute, the notice must be signed in
accordance with Rule 11 of the Federal Rules of Civil Procedure, and must contain a short
and plain statement of the grounds for removal, together with a copy of all process,
pleadings, and orders served upon such defendant or defendants in such action.   28
U.S.C. § 1446(a).  Lastly, the notice must be filed within thirty (30) days of service of the
summons or complaint. 28 U.S.C. § 1446(b); see also Payne v. Overhead Door Corp., 172
F. Supp. 2d 475, 476-77 (S.D.N.Y. 2001).

"Although there is no express statutory requirement that all defendants either join
the petition for removal or consent to such removal, there is widespread agreement among
the district courts, including those in the Second Circuit, that 'all named [defendants] over
whom the state court acquired jurisdiction must join in the removal petition for removal to
be proper.'" Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999)
(internal citations omitted).   This "rule of unanimity" applies regardless of whether the
removing parties predicate federal subject matter jurisdiction on diversity or federal
question. See Ell, 34 F. Supp. 2d at 194 (citing Hewitt v. City of Stanton, 798 F.2d 1230,
1232 (9th Cir. 1986)).

There are, however, a few recognized exceptions to the general requirement that
all defendants must join or consent to the petition for removal.  The "rule of unanimity" is
excused where: "(1) the non-joining defendants have not been served with service of
process at the time the removal petition is filed; (2) the non-joining defendants are merely

nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." Novick v. Bankers Life Ins. Co. of New York, No. CV 05-3085, 2006 WL 191945, at *1 (E.D.N.Y. Jan. 9, 2006) (quoting Ell, 34 F. Supp. 2d at 194). Generally, if a non-jurisdictional defect in the removal proceeding, such as the lack of unanimity, is not raised in a motion to remand, it is waived. See Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995) (stating that 28 U.S.C. § 1447(c) does not authorize *sua sponte* remands for purely procedural defects); see also Allstate Life Ins. Co. v. Hanson, 200 F. Supp. 2d 1012, 1015 (E.D. Wis. 2002) (holding that a defect in removal procedure within the meaning of Section 1447(c) must be raised by a motion to remand within thirty days after filing the notice of removal, or it is waived).

In its timely Notice of Removal, HealthNow asserts that Plaintiff's claim against it, which implicates an employee benefit plan, is a matter of exclusive federal concern. HealthNow further contends that it is the only Defendant in this action with grounds for removal to federal court, and therefore, that it is not required to obtain consent for removal from any of the other Defendants in this action. Plaintiff has not filed a motion to remand this case nor has he alleged any non-jurisdictional defects in the removal procedure. Accordingly, this Court deems any objection to such defects waived, and focuses its inquiry on whether ERISA confers subject matter jurisdiction over Plaintiff's claim against HealthNow.

**B.     Subject Matter Jurisdiction Under ERISA**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). When an action is removed from state

court, the district court must initially determine whether it has subject matter jurisdiction over a plaintiff's claim before reaching the merits of a motion to dismiss, for summary judgment, or for other relief.  See Univ. of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999); Macro v. Independent Health Ass'n, Inc., 180 F. Supp. 2d 427, 431 (W.D.N.Y. 2001).  If removal was inappropriate, the court must remand for lack of subject matter jurisdiction, notwithstanding the pendency of the other motions.  See 28 U.S.C. § 1447(c); see also Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998).

As a general matter, a party asserting jurisdiction bears the burden of proving that a case is properly in federal court.  United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); see also Varela v. Flintlock Const., Inc.,148 F. Supp. 2d 297, 298-99 (S.D.N.Y. 2001). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." CenterMark, 30 F.3d at 301.  Moreover, "[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (internal citations and quotations omitted); Macro, 180 F. Supp. 2d at 430.

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A cause of action is said to arise under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law."  Metro. Life Ins. Co., v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987).  Because federal preemption is a defense that does not appear on the face of the well pleaded complaint, "a defendant generally may not remove an action on the basis of federal preemption."  Macro, 180 F. Supp. 2d at 432.  However,

the Supreme Court has identified a corollary to this rule.  That is, where the "preemptive force of a statute is so 'extraordinary'[,] . . . it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987) (quoting Taylor, 481 U.S. at 63-64, 107 S. Ct. 1542); see also Marcus v. AT & T Corp., 138 F.3d 46, 52 (2d Cir. 1998).

The Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, commands this extraordinary preemptive force.  Taylor, 481 U.S. at 65-66, 107 S. Ct. 1542.  ERISA comprehensively regulates employee welfare benefit plans, including those that provide "through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or] disability . . . ."  29 U.S.C. § 1002(1); Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 732, 105 S. Ct. 2380, 2385, 85 L. Ed. 2d 728 (1985).

Under ERISA, there are two kinds of preemption - "complete" and "conflict" preemption.  See Franks v. Prudential Health Care Plan, Inc.,164 F. Supp. 2d 865, 872-73 (W.D.Tex. 2001).  Complete preemption is a "narrow doctrine," Franks, 164 F. Supp. 2d at 872-73,  limited to claims brought by an ERISA plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); see also Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995).  State law claims which seek such relief are "completely preempted" by ERISA, regardless of how they are pleaded.  See Warner, 46 F.3d at 534; see also Taylor, 481 U.S. at 67.

Conflict preemption, which is significantly broader, is predicated on ERISA's express provision that it "shall supersede any and all State laws insofar as they may now or

hereafter relate to any employee benefits plan" covered by the statute. 29 U.S.C. § 1144(a). A state law claim is related to an ERISA plan, in the normal sense of the phrase, "if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2900, 77 L. Ed. 2d 490 (1983). Conflict preemption applies to statutory claims as well as claims brought under state common law. Franks,164 F. Supp. 2d at 873 (citing Lee v. E.I. DuPont de Nemours & Co., 894 F.2d 755, 757-58 (5th Cir. 1990)). Complete preemption is sufficient to confer federal subject matter jurisdiction over a claim, even if that claim is not also subject to conflict preemption. Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003).

In the instant case, Plaintiff contends that under New York's common law,[3] HealthNow must waive its right of subrogation against the parties responsible for his injuries, or it must pay him the full settlement amount offered by those parties. Plaintiff asserts that HealthNow has violated its contractual and fiduciary duties by failing to do either. In essence, Plaintiff seeks a determination from this Court that he is entitled to health care benefits undiminished by HealthNow's subrogation rights as set forth in the Plan.[4] In this respect, Plaintiff's claim against Healthnow, while relying on New York law, nonetheless seeks a remedy that falls within the scope of ERISA's civil enforcement provision. See 29 U.S.C. § 1132(a). Accordingly, this Court finds that Plaintiff's claim against HealthNow is completely preempted. See, e.g., Arana, 338 F.3d at 438 (holding that an insured's cause of action seeking declaratory judgment requiring his health insurer

---

[3]    Plaintiff does not invoke any New York statute or regulation in his Complaint or in opposition to Defendant's motion.

[4]    As previously set forth herein, the Plan explicitly provides that HealthNow has an independent right to proceed against a party responsible for Plaintiff's injury to recover the benefits it has paid in connection with that injury. (Compl., ¶¶ 13 & 15; Balon Dec., Exh. C, p. 53).

to withdraw and release its subrogation, reimbursement and assignment claims was completely preempted in that the insured's claim was properly characterized as a claim for "benefits due" or "to enforce rights under the plan"); see also Levine v. United Healthcare Corp., 402 F.3d 156, 163 (3d Cir. 2005) (holding that beneficiaries' claims against their health care insurers to recover amounts paid to those insurers under the plan's reimbursement and subrogation clauses were ERISA-preempted claims for "benefits due"); see also Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 291 (4th Cir. 2003) (holding that the plaintiff member's claims against their HMO fell within ERISA's civil enforcement provision and were completely preempted to the extent that they sought plan benefits unreduced by subrogation and equitable relief).[5]   Accordingly, Plaintiff's claim will be treated as a federal claim governed by federal law.  Singh, 335 F.3d at 292 (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56, 107 S. Ct. 1549, 1557, 95 L. Ed. 2d 39 (1987)).

Having determined that Plaintiff's claim against HealthNow is completely preempted and that federal subject matter jurisdiction exists, this Court will now decide the merits of HealthNow's motion to dismiss.

## C.    Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

---

[5]        This Court's conclusion that Plaintiff's claim is completely preempted is not altered by the fact that Plaintiff is seeking a declaration *in advance of settlement*, as opposed to after.  As the Third Circuit Court of Appeals reasoned in Singh,

> ERISA's complete dominion over a plan participant's claim to recover a benefit due under a lawful application of plan terms is not affected by the fortuity of *when* a plan term was misapplied to diminish the benefit. Thus, for purposes of complete preemption under § 502(a), a claimant who is denied a benefit is no different than a claimant who is faced with an invoice from the insurer for the return of a benefit paid or a claimant who has paid such an invoice, because resolution in each case requires a court to determine entitlement to a benefit *under the lawfully applied terms* of an ERISA plan.

Singh, 335 F.3d at 291.

Complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)).  Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).  On a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter, 128 F.3d at 62 (citation omitted).

        As noted above, all well-pleaded factual allegations contained in the Complaint are assumed true and construed in the non-moving party's favor. See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996).  "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).  If a plaintiff does not attach or incorporate by reference documents that are integral to the Complaint, the court may consider those documents without converting the motion to one seeking summary judgment. See Int'l Audiotext Network, Inc. v. AT & T, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

        Although Plaintiff did not attach a copy of the Plan to his Complaint, he references the Plan therein, and it is clearly essential to this Court's analysis. (Compl., ¶¶ 13 & 15). Accordingly, this Court will consider the Plan, which is attached to HealthNow's Notice of Removal, in rendering its decision on the instant motion to dismiss.

E.     **Failure to State a Claim under ERISA**

It is well established that "straightforward language in an ERISA-regulated insurance policy should be given its natural meaning." Burnham v. Guardian Life Ins. Co. of America, 873 F.2d 486, 489 (1st Cir. 1989); see also Fay v. Oxford Health Plan, 287 F.3d 96, 104 (2d Cir. 2002). "[W]here an ERISA plan's language sets out plain and unambiguous terms for subrogation and reimbursement, those terms must be enforced as written." Franks, 164 F. Supp. 2d at 880 (citing Sunbeam-Oster Co. Group Benefits Plan v. Whitehurst, 102 F.3d 1368, 1376 (5th Cir. 1996)).

According to the Complaint, "the policy provide[s] that the Defendant [HealthNow] ha[s] a right of subrogation against any third-party responsible for . . . injuries resulting in . . . paid medical expense claims." (Compl., ¶ 15). As previously set forth herein, the Plan explicitly provides that "[i]n the event that you suffer an injury or illness for which another party may be responsible, such as someone injuring you in an accident, and we have paid benefits as a result of that injury or illness, we will be subrogated and succeed to the right of recovery against the party responsible for your illness or injury to the extent of the benefits we have paid. This means that we have the right independently of you to proceed against the party responsible for your injury or illness to recover the benefits we have paid." (Balon Dec., Exh. C, p. 53).

Plaintiff fails to cite to any language in the Plan that qualifies HealthNow's right of subrogation. Under the circumstances, it cannot be said that this subrogation language is ambiguous. Therefore, this Court construes the Plan to confer upon HealthNow an unqualified right of subrogation against any persons responsible for causing injuries to its insured for which it has paid benefits.

In his Complaint, Plaintiff asserts that he was injured when his motorcycle collided

with a vehicle owned by Defendant Kirkendall and operated by Defendant Joy, and that HealthNow paid more than $55,000.00 in medical expenses incurred as a result of the accident.  (Compl., ¶¶ 8, 15).  Assuming the truth of these allegations, this Court finds that HealthNow's refusal to waive its right of subrogation against Defendants Kirkendall and Joy does not constitute a breach of its contractual or fiduciary duties as defined by the Plan. Given the unambiguous language of the Plan, Plaintiff's claim against HealthNow must be dismissed.

**F.      Remaining State Law Claim**

In its Notice of Removal, HealthNow asserts that it is the only Defendant in this case with grounds for removal to federal court.  (Not. of Rem., ¶ 9).  Plaintiff has not challenged this assertion.  Because no federal claims remain in this case, this Court need not retain jurisdiction over Plaintiff's claim against Progressive, which presumably arises under state law.  Rocco v. N.Y.S. Teamsters Conference Pension & Ret. Fund, 281 F.3d 62, 72 (2d Cir. 2002).

It is well settled that the decision to exercise supplemental jurisdiction is vested in the sound discretion of the district court.  Grace v. Rosenstock,  228 F.3d 40, 55 (2d Cir. 2000).  The Second Circuit has advised that district courts should typically decline to exercise jurisdiction over state law claims where all federal claims have been eliminated before trial.  See Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1490 (2d Cir. 1993); see also Martz v. Incorporated Vill. of Valley Stream, 22 F.3d 26, 32 (2d Cir. 1994).  "Where a claim originally reached the federal forum by removal from a state court, [a] district court has the discretion to dismiss the claim without prejudice or remand it to the state court." Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988) (citing Carnegie-Mellon Univer. v. Cohill, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720)).  Consistent with the foregoing,

Plaintiff's remaining claim will be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons, Defendant HealthNow's Motion to Dismiss is granted. Plaintiff's remaining state law claim shall be remanded to state court.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant HealthNow's Motion to Dismiss (Docket No. 2) is GRANTED.

FURTHER, that Plaintiff's remaining state law claim shall be remanded to state court.

FURTHER, that the Clerk of the Court shall take the steps necessary to close this case.

SO ORDERED.


Dated:   February 21, 2006
         Buffalo, New York


                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge